UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Shabi Z. Hussain, | ) | No. 12 C 7693 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| Federal Express Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff Shabi Hussain sued her employer, Federal Express Corporation, alleging gender and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Presently before the Court is Federal Express' partial motion to dismiss Hussain's complaint. R. 18. For the reasons explained below, Federal Express' motion is granted.

Background

Hussain began working for Federal Express as a courier in 1996. In 1999, she became Manager of Operations, the position she currently holds.

Hussain alleges that she was repeatedly denied promotions to senior manager positions as well as lateral transfers to other manager positions because of her gender (female) and national origin (India). In particular, Hussain identifies seven hiring sequences at issue: (1) a senior manager position that was filled in the late fall of 2007 or early winter of 2008; (2) a manager position at the "GYY" facility that was posted in July 2009 (Hussain was ultimately offered and apparently

1

accepted this position); (3) a manger position at the "BDF" facility that was also posted in July 2009; (4) a senior manager position at the "GYY" facility that was posted in July or August 2009; (5) a senior manager position that was posted in March or April 2010; (6) an interim senior manager position that was filled in October 2010; and (7) a senior manager position that was posted in November 2010. Hussain also hints that discrimination began even earlier than 2007, Compl. ¶¶ 11-12, but does not allege any facts about pre-2007 unlawful employment practices.

In addition to the failures to promote and transfer denials, Hussain alleges discrimination in "Bravo Zulu" award payments given out by a managing director. Hussain alleges that she received a $50 award while male managers received $100 awards. Hussain does not allege when this occurred.

On April 4, 2011, Hussain filed a charge of discrimination with the EEOC. In her EEOC charge, Hussain alleged that "I applied for promotions, but less qualified male, non-Indian, employees were selected over me," that she "was not given the opportunity to train as acting Senior Manager," and that she was "not being given an equal monetary recognition bonus." R. 1, Ex. A.

The EEOC issued a right to sue letter on July 2, 2012. R. 1, Ex. B. Hussain filed this lawsuit on September 26, 2012. Hussain's complaint contains two counts, one for gender discrimination and one for national origin discrimination. Hussain does not assert any hostile work environment claims.[1]

---

[1] Hussain's EEOC charge also alleged that she was required to work Saturdays and that she was discriminated against because of her race and religion, but Hussain does not raise those issues in her present complaint.

**Standard of Review**

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g., Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

"In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). But "if a plaintiff pleads facts which show [s]he has no claim, then [s]he has pled himself out of court." *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). Thus, dismissal on statute of limitations grounds "is appropriate when the plaintiff pleads h[er]self out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009).

**Analysis**

Federal Express argues that Hussain's claims relating to employment practices that occurred more than 300 days before she filed her EEOC charge are

time barred. Because Hussain filed her EEOC charge on April 4, 2011, Federal Express therefore seeks to dismiss Hussain's claims for employment practices that occurred prior to June 8, 2010, exactly 300 days earlier.

A Title VII plaintiff is required to file a charge of discrimination with the EEOC within 300 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). In *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002), the Supreme Court held that Title VII "precludes recovery for discrete acts of discrimination . . . that occur outside the statutory time period." The Supreme Court explained what it meant by "discrete acts":

> Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice." Morgan can only file a charge to cover discrete acts that "occurred" within the appropriate time period. While Morgan alleged that he suffered from numerous discriminatory and retaliatory acts from the date that he was hired through March 3, 1995, the date that he was fired, only incidents that took place within the timely filing period are actionable.

*Id.* at 114. The Supreme Court confirmed that the time limit "is subject to equitable doctrines such as tolling or estoppel," but made clear that these doctrines "are to be applied sparingly." *Id.* at 113. "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Id.* at 113-14 (quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (per curiam)).

4

Here, Hussain does not dispute that each alleged failure to promote, transfer denial, or failure to receive a full "Bravo Zulu" monetary award constitutes a discrete act of discrimination, and that as a result, practices prior to June 8, 2010 are generally time barred. *Morgan* compels that result.

Instead, Hussain asks the Court to equitably toll the statute of limitations based on *Farrell v. Butler Univ.*, 421 F.3d 609 (7th Cir. 2005). In that case, Butler created a cash award system for professors and a female professor filed suit after she was twice passed over for awards. The Seventh Circuit explained:

> [T]his court has previously held that a plaintiff may base her suit on conduct outside of the statute of limitations if it would have been unreasonable to expect the plaintiff to sue before the statute of limitations passed on the alleged discriminatory conduct. In the present case, it would have been unreasonable for Dr. Farrell to sue Butler in 2000 when she was first passed up for the PEP award, since that was the first time that Butler gave the award. Moreover, it *is* reasonable that Dr. Farrell would have suspected Butler of discriminatory conduct when she had failed to receive the award twice, and both times the award had been given to a male professor.

*Id.* at 613 (citation omitted) (emphasis in original). From this, Hussain argues:

> Here, the first few times that [Hussain] was passed over for a promotion, it would have been completely unreasonable for her to have sued the Defendant for being passed over, exactly like Dr. Farrell. However, as evidence began to mount, eventually it did become reasonable for her to file such a claim, and by doing so only when it became reasonable, Plaintiff's previous claims were not time-barred.

R. 27 at 5.

5

Normally, the Court would be hesitant to reject Hussain's equitable theory on a Rule 12(b)(6) motion. The problem for Hussain is that her theory is contradicted by her own complaint. As Federal Express notes, Hussain specifically alleges that "[i]n January 2008, Plaintiff applied for a lateral position in the Eastern Region (New York). Even though such a transfer would involve uprooting her family, Plaintiff believed her opportunities for promotion would improve away from the discriminatory practices of the Chicago Metro Region." Compl. ¶ 14.

Hussain therefore admits that she knew of the alleged discrimination by January 2008. Indeed, Hussain contends that she transferred to New York because of it. Yet she did not file her EEOC charge until April 4, 2011, more than three years later. In these circumstances, it would not be unreasonable to expect Hussain to promptly file an EEOC charge by 2007 or 2008. *E.g., Morgan*, 536 U.S. at 109 ("[B]y choosing what are obviously quite short deadlines, Congress clearly intended to encourage the prompt processing of all charges of employment discrimination.") (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 825 (1980)).

In *Farrell*, 421 F.3d at 613, the Seventh Circuit was also only willing to excuse the plaintiff from promptly filing suit after the *first* time she was passed over for an award, but not the *second*. Here, Hussain alleges that she was passed over for promotions or transfers at least six or seven times before she filed an EEOC charge. Even if Hussain attempted to disclaim any suspicion of discrimination until April 2011 (which is inconsistent with her own complaint), *Farrell* would not support the reasonableness of waiting so long to file an EEOC charge.

6

Hussain's claims based on employment practices that occurred prior to June 8, 2010 are therefore time barred on the face of her complaint and are dismissed. Hussain may still pursue claims against Federal Express based on the interim senior manager position that was filled in October 2010 and the senior manager position that was posted in November 2010, along with any allegedly deficient "Bravo Zulu" award payments after June 8, 2010.

To be clear, although the Court is dismissing Hussain's claims for employment practices before June 8, 2010, the Court is not striking those factual allegations from the complaint. In *Morgan*, 536 U.S. at 113, the Supreme Court confirmed that Title VII does not "bar an employee from using the prior acts as background evidence in support of a timely claim." *See also West v. Ortho-McNeil Pharm. Corp.*, 405 F.3d 578, 581 (7th Cir. 2005) ("We have interpreted this language as allowing time-barred acts as support for a timely claim."). The ultimate admissibility of that evidence will be determined in the context of a trial.

## Conclusion

For the foregoing reasons, Federal Express' partial motion to dismiss, R. 18, is granted.

ENTERED:

_Thomas M. Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: July 2, 2013